

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
January 11, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                          )    Case No.: 14-16060-MKN
                                                )
KATHLEEN LYNNE RAY,                             )    Chapter 13
                                                )
            Debtor.                             )
_____                )
                                                )
KATHLEEN LYNNE RAY,                             )    Adv. Proc. No.: 16-01008-MKN
                                                )
            Plaintiff,                          )
                                                )
v.                                              )
                                                )    Date:  June 16, 2016
DEUTSCHE BANK AG, et al.,                       )    Time:  10:00 a.m.
                                                )
            Defendants.                         )
_____                )

**ORDER ON MOTION TO DISMISS PLAINTIFF'S**
**ERRATA: FIRST AMMENDED [SIC] ADVERSARY COMPLAINT[1]**

On June 16, 2016, the court heard the Motion to Dismiss Plaintiff's Errata: First

Ammended [sic] Adversary Complaint ("Dismissal Motion") brought by Security Connections,

Inc., Mary Lou Marcum, Joan Cook, Krystal Hall, Vicki Sorg, and Melissa Hively (collectively,

the "Movants"); the joinder ("Deutsche Joinder") filed by Deutsche Bank AG, Deutsche Bank

_____

[1] All references to "AECF No." are to the numbers assigned to the documents filed in the
above-captioned adversary proceeding ("Adversary Proceeding") as they appear on the
adversary docket maintained by the clerk of the court.  All references to "ECF No." are to the
numbers assigned to the documents filed in the above-captioned bankruptcy case.  All references
to "Section" or "§" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All
references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.  All references to
"FRCP" are to the Federal Rules of Civil Procedure.  All references to "NRS" are to the Nevada
Revised Statutes.

1

USA, Deutsche Bank National Trust Company, as trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through Certificate Series, Specialized Loan Servicing, LLC, Tiffany and Bosco, and Matthew Schriever (collectively, the "Deutsche Parties") (AECF No. 42); and the joinder ("Bank Joinder") filed by Bank of America, N.A. and First Franklin Financial Corporation (together, the "Bank Parties") (AECF No. 46). Plaintiff appeared in pro se; Sean Payne, Esq. appeared on behalf of the Movants; Matthew Schriever, Esq. appeared on behalf of the Deutsche Parties; and Miles Clark, Esq. appeared on behalf of the Bank Parties. After arguments were presented, the matter was taken under submission.

## BACKGROUND[2]

On January 13, 2016, Plaintiff filed a complaint commencing Adversary Proceeding No. 16-01008-MKN. (AECF No. 1).

On February 16, 2016, Plaintiff filed a first amended complaint in Adversary Proceeding No. 16-1008-MKN. (AECF No. 9). On March 23, 2016, Plaintiff filed an errata entitled "Errata: First Amended Adversary Complaint" against several defendants, including, in pertinent part, the Movants, the Deutsche Parties, and the Bank Parties. (AECF No. 17). This complaint, which the court treats as a second amended complaint ("Second Amended Complaint"), is the subject of the instant Dismissal Motion, the Deutsche Joinder, and the Bank Joinder.

On May 10, 2016, Movants filed the Dismissal Motion. (AECF No. 32).

On June 7, 2016, the Deutsche Parties filed the Deutsche Joinder. (AECF No. 42).

On June 15, 2016, the Bank Parties filed the Bank Joinder. (AECF No. 46)

On June 15, 2016, Plaintiff filed "Adversary Plaintiff's Omnibus Response and Hearing Brief as to All Pending Moitons [sic] and Joinders (#'s 28-45)." (AECF No. 47).

On June 16, 2016, Plaintiff filed "Errata: Adversary Plaintiff's Omnibus Response and Hearing Brief as to All Pending Moitons [sic] and Joinders (#'s 28-45)." (AECF No. 48).

On June 16, 2016, the court held a hearing on the Dismissal Motion and took the matter

---

[2] The court takes judicial notice of the dockets in Adversary Proceeding No. 15-01117, Adversary Proceeding No. 16–01008, and the underlying Chapter 13 bankruptcy at Case No. 14-16060-mkn.

1    under advisement.

2        On June 21, 2016, the court entered its "Order on Motion to Strike Adversary Complaint"

3    ("Strike Order").  (AECF No. 50).  For the reasons stated in the Strike Order, the court dismissed

4    claims for relief two through six of the Second Amended Complaint against Deutsche Bank

5    National Trust Company, as Trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through

6    Certificate Series ("DBN") and Matthew Schriever ("Schriever").  In the Strike Order, the court

7    also consolidated Adversary Proceeding No. 16-01008 with Adversary Proceeding No. 15-01117

8    (with Adversary Proceeding No. 15-01117 serving as the lead adversary case), and the court

9    deemed the remainder of the Second Amended Complaint to be an amended complaint filed in

10   Adversary Proceeding No. 15-01117.

11                **ALLEGATIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

12       Plaintiff alleges that since 2001, she has occupied and owned the real property located at

13   4631 Ondoro Avenue, Las Vegas, Nevada 89141.[3]  See Second Amended Complaint at ¶¶ 14-15.

14   Plaintiff alleges that between January 2006 through February 2009, the Movants, some or all of

15   the Deutsche Parties, and the Bank Parties, among other persons and entities, were involved in

16   improperly forging, assigning, and/or recording documents affecting Plaintiff's interest in the

17   Ondoro Property.  See Second Amended Complaint at ¶ 17.  On July 21, 2010, DBN obtained

18   title to the Ondoro Property pursuant to a trustee's sale and a recorded foreclosure deed.  See

19   Second Amended Complaint at ¶ 20.  Plaintiff subsequently "commenced a series of actions to

20   reclaim title."  See Second Amended Complaint at ¶ 20.  Plaintiff alleges that "The original state

21   cause of action was dismissed for procedural defect in service rendering the state district court

22   without personal or subject matter jurisdiction, affirmed by the Nevada State Supreme Court[,]"

23   and Plaintiff's subsequent actions were "ruled 'res judicata.'"  See Second Amended Complaint

24   at ¶ 21.  On August 27, 2014, DBN, by and through its attorneys, obtained a temporary writ of

25   restitution from the Las Vegas Justice Court in Case No. 14C008115.[4]  See Second Amended

26   ──────────────

27       [3] In this Order, the court will refer to this address as the "Ondoro Property."

28       [4] Plaintiff listed the case number as being "14C08115" in the Second Amended
     Complaint, but the correct case number is "14C008115."

                                                3

Complaint at ¶ 24.  Plaintiff alleges that "The State District Court attempted to avoid hearing the state appeal in violation of *Lippis v. Peters*, 112 Nev. 1008, 921 P.2d 1248 (1996) and constitutional precepts of Due Process."  See Second Amended Complaint at ¶ 32.

The court takes judicial notice[5] that on September 9, 2014, Plaintiff commenced the above-captioned voluntary Chapter 13 proceeding in this court.  The court takes judicial notice that on February 5, 2015, DBN filed a "Motion for Relief from Automatic Stay for the Purpose of Eviction Including In Rem Relief" in the underlying bankruptcy case, which the court granted on March 18, 2015 ("Lift Stay Order").  See ECF Nos. 70, 94.  Plaintiff alleges that "[Matthew] Schriever, knowing Plaintiff to be a Senior and believing Plaintiff was no longer represented, acted in pattern and practice of targeting seniors without representation, and on behalf of and in concert with [DBN] and [DBN's] agent, Paul-Colten Smith, and the Las Vegas Township Constable's Office, to secure an illegal lockout in an attempt to circumvent Plaintiff's right to have the case heard on the merits."  See Second Amended Complaint at ¶ 29.  Plaintiff alleges that "on May 28, 2015, while the 62 year old Plaintiff was appearing in her official capacity (Ms. Senior Nevada) at a veterans ceremony hosted by Nevada Governor Sandoval, the illegal lockout was performed by the Las Vegas Township Constable's Office under LVJC Case 14C008115 [sic] by the direction of Schriever, [DBN], and[DBN's] agent, Paul-Colten Smith."  See Second Amended Complaint at ¶ 30.  Plaintiff alleges that she brought "the fraud to the attention of the Constable, Richard Forbuss and Sharon Graziano, [but] said individuals refused to act to restore Plaintiff to her property."  See Second Amended Complaint at ¶ 31.  Plaintiff alleges that "[t]he real property was sealed, but on June 4, 2015, Defendant Deutsche through its agents admitted wrongful lockout and restored the Plaintiff to the property."  See Second Amended Complaint at ¶ 33.

## APPLICABLE LEGAL STANDARDS

---

[5] "[T]he Court 'may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.'"  Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 762 (9th Cir. 2013) quoting U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

1  The Dismissal Motion is brought pursuant to FRCP 12(b)(6), applicable in adversary

2  proceedings through FRBP 7012.  "To survive a motion to dismiss, a complaint must contain

3  sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its

4  face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Bell Atlantic Corp. v. Twombly,

5  550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged."  Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a

8  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

9  unlawfully."  Id. citing Twombly, 550 U.S. at 556.  "Where a complaint pleads facts that are

10  'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

11  plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 quoting Twombly, 550 U.S. at 557.

12  "[L]eave to amend should be granted unless the court determines that the allegation of other

13  facts consistent with the challenged pleadings could not possibly cure the deficiency."  DeSoto v.

14  Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

16  The Second Amended Complaint is framed as six separate claims for relief:

17  First Claim - Documents Void Ab Initio / Victim of Crime

18  Second Claim - Discrimination / Victim of Crime / Due Process

19  Third Claim - Class Action / State and Federal Constitutional Due
20  Process / Statutory Violations

21  Fourth Claim - Illegal Lockout / Oppression / Violation of Federal
FDCPA 15 U.S.C. § 1692

22  Fifth Claim - Violation of Automatic Stay, BK Rule 2002(e) & 11
23  U.S.C. § 362(k)

24  Sixth Claim - Adverse Possession - Defendant Deutsche

25  For the reasons discussed in more detail below, the court dismisses the fifth and sixth claims for

26  relief with prejudice.  Additionally, the second through fourth claims for relief will be dismissed

1  for lack of jurisdiction.[6]

2      As clarification for Plaintiff's benefit, all six claims for relief alleged in the Second

3  Amended Complaint are dismissed against the Movants, the Deutsche Parties, and the Bank

4  Parties.  Furthermore, because Plaintiff commenced a subsequent adversary proceeding (Adv.

5  No. 16-01008) that included the same claims against many of the same parties as a prior pending

6  adversary proceeding (Adv. No. 15-0117), these two proceedings recently were consolidated

7  pursuant to the court's "Order on Motion to Strike Adversary Complaint."  Because of this

8  recent consolidation, the court does not find that certification of this order is appropriate at this

9  time under FRCP 54(b), made applicable to this adversary proceeding under FRBP 7054.

10     **I.**    **Fifth Claim for Relief (Violation of Automatic Stay, BK Rule 2002(e) & 11 U.S.C. 362(k))[7]**

11
12      In pertinent part, Plaintiff alleges in the Second Amended Complaint the following

13  regarding the fifth claim for relief:

14      33.  A fraud was perpetrated constituting multiple violations of state and federal constitutional provisions and statutory law,
15  willful violations of FDCPA, adverse possession, and 11 U.S.C. 362 stay (while the bankruptcy stay was lifted in connection with
16  the real property with a state court stay in effect, the federal stay WAS NOT LIFTED CONCERNING ITEMS OF TANGIBLE
17  PERSONAL PROPERTY, LEGAL DOCUMENTS AND PETS - which were left outside by the responsible parties, later named as
18  Defendants, on hot concrete without food or water in 100+ degree heat.

19      85.  Plaintiff alleges Defendants Deutsche, Shriver [sic], Smith,
20  Las Vegas Township Constable's Office, Forbuss, Graziano[,] Deputy Constable Araujo and Clark County by the lockout and
21  sealing of the residence used civil process against and seized tangible personal property, pets and documents, and committed a
22  clear and flagrant violation of 11 U.S.C. 362(a) by the "commencement or continuation, including the issuance or

23  _____

24  [6] The court previously struck claims for relief two through six against DBN and Matthew
25  Schriever.  (AECF No. 50).  Pursuant to this order, the court now dismisses claim for relief one against DBN and Matthew Schriever, and the court dismisses claims for relief one through six
26  against the remaining Deutsche Parties.

27  [7] The court copied verbatim Plaintiff's characterization of her fifth claim for relief as stated in the Second Amended Complaint.  The court has jurisdiction to decide issues arising
28  under Section 362(k).  See Battle Ground Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124 (9th Cir. 2010) (discussing "arising under" jurisdiction)

employment of process, or a judicial, administrative or other action or proceeding against the debtor." . . . In connection with the Las Vegas Township Constable's Office, Forbuss, Graziano, Deputy Constable Araujo and Clark County, such acts also constitute oppression under color of law, 42 U.S.C. 1983 and the deprivation of a property interest without due process.

<u>See</u> Second Amended Complaint at ¶¶ 33, 85.

On March 18, 2015, however, relief from stay had been granted by the court by an order stating in pertinent part as follows:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that cause exists to grant the Motion for Relief from Automatic Stay for the Purpose of Eviction in favor of Deutsche Bank.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all stay provisions are hereby terminated as to the real property commonly known as 4631 Ondoro Avenue, Las Vegas, Nevada 89141.

<u>See</u> AECF No. 94 at p. 1, lines 26-28 and p. 2, lines 1-3.

The allegations in the Second Amended Complaint, which the court accepts as true for purposes of this order, do not allege that the Movants or the Bank Parties committed a willful violation of the stay. The Second Amended Complaint only alleges, in pertinent part, that some or all of the Deutsche Parties committed a willful violation of the automatic stay. However, the Second Amended Complaint does not state a cause of action under Section 362(k) for a willful violation of the stay because the court's Lift Stay Order provided the Deutsche Parties with relief from the automatic stay to proceed with eviction. Plaintiff's Second Amended Complaint does not allege that the Deutsche Parties took possession of any personal belongings that were in the real property, but instead, alleges that the Deutsche Parties placed such personal belongings outside of the Ondoro Property during the course of eviction proceedings. Such actions did not violate the automatic stay but were authorized under the court's Lift Stay Order. The court therefore dismisses the fifth claim for relief with prejudice against Movants, the Deutsche Parties, and the Bank Parties.

The court also finds that Plaintiff's amendment of her fifth claim for relief would be futile because all actions Plaintiff alleges were wrongful in the Second Amended Complaint

were, in fact, authorized by the court's Lift Stay Order.  Therefore, such actions did not constitute a violation of the automatic stay, and Plaintiff cannot plead a claim for sanctions under Section 362(k) as a matter of law.

**II.     Sixth Claim for Relief**[8]

In claim for relief six, Plaintiff alleges that she is the owner of the Ondoro Property by adverse possession because, in pertinent part:

> Since the original date of default in 2008, and for a period of seven (7) years, Plaintiff has occupied the subject real property, openly notoriously, exclusively, continuously, and with exception of the attempt at illegal lockout and sealing of the real property as stated in the Third Cause of Action, has remained in possession of the real property.

See Second Amended Complaint at ¶ 92.  Under Nevada law, a claim for adverse possession requires more.

NRS 40.090(1) states:

> An action may be brought to determine the adverse claims to and clouds upon title to real property by a person who, personally or in combination with the person's predecessors in interest, has been in the actual, exclusive and adverse possession of such property continuously for more than 15 years prior to the filing of the complaint, claiming to own the same in fee, or by any other freehold estate, against the whole world, and who has, personally or through the person's predecessors in interest, paid all taxes of every kind levied or assessed and due against the property during the 5 years next preceding the filing of the complaint, except that where clouds upon title to real property have been created by such person, and the action is brought to remove such clouds, or any of them, such period of actual, exclusive and adverse possession of such property shall be for more than 10 years.  The action shall be commenced by the filing of a verified complaint averring the matters above enumerated.

To claim ownership of real property by adverse possession, NRS 40.090(1) requires Plaintiff, as the person in possession, to show that she has been in possession of the real property for fifteen years.  Plaintiff alleges in the Second Amended Complaint, however, that she is claiming title by adverse possession due to her continued possession and maintenance over a seven year period.

---

[8] The court has jurisdiction to decide issues regarding the extent of the debtor's or estate's interest in potential property of the estate.  See Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431 (9th Cir. 1995) (discussing "arising in" jurisdiction); see also section 541; FRBP 7001(2).

1   <u>See</u> Second Amended Complaint at ¶ 92.  Moreover, Plaintiff otherwise alleges that she acquired

2   the Ondoro Property in 2001.  <u>Id.</u> at ¶ 14.  Plaintiff commenced this adversary proceeding on

3   July 10, 2015, when she filed her initial complaint in Adversary Proceeding No. 15-01117-

4   MKN, and included a claim for adverse possession against Deutsche as the fifth claim for relief

5   in that complaint.  Because Plaintiff affirmatively alleges that she did not have possession of the

6   Ondoro Property for more than 15 years prior to the commencement of this adversary

7   proceeding, she cannot state a plausible claim for adverse possession claim under Nevada law.

8   Amendment of the claim would be futile, and the court therefore, dismisses the sixth claim for

9   relief with prejudice because Plaintiff cannot, as a matter of law, prevail on an adverse

10  possession claim under NRS 40.090(1).

11  **III.    The first, second, third and fourth claims fail to state claims for which relief may be granted.**

12

13          Plaintiff alleges in her first claim that the Defendants violated the terms of a deed of trust,

14  violated a fiduciary duty, violated a duty of good faith and dealing, and also caused "the

15  preparation, execution and record of the void ab initio documents."  Second Amended Complaint

16  at ¶ 47.  Plaintiff does not identify the terms of the deed of trust that were violated by the

17  Movants, the source of any fiduciary duty owed by the Movants, the source of any duty of good

18  faith and fair dealing owed by the Movants, the Movant who allegedly violated such duties, or

19  the acts of the Movants that allegedly violated the duties.  On its face, the first claim in the

20  Second Amended Complaint does not state facts constituting a plausible basis for relief against

21  the Movants.  The same defects exist with respect to the second, third and fourth claims in the

22  Second Amended Complaint.  For this reason, the first, second, third and fourth claims must be

23  dismissed without prejudice.

24  **IV.    The court lacks jurisdiction over the first, second, third and fourth claims for relief.**

25          Although Movants did not raise a jurisdictional argument, the court has an independent

26  duty to examine its own jurisdiction.  <u>See</u> <u>Rea v. Michaels Stores Inc.</u>, 742 F.3d 1234, 1237 (9th

27  Cir. 2014); <u>Zaragoza v. Bennett-Haron</u>, 828 F. Supp. 2d 1195, 1203 (D. Nev. 2011) <u>citing</u>

28  <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990).  Plaintiff's first claim is based entirely

1  on events that occurred prior to her prior Chapter 7 proceeding that was commenced on March

2  25, 2009.  Plaintiff never disclosed the claim in her bankruptcy schedules and ordinarily would

3  be judicially estopped from pursuing the claim in a subsequent proceeding.  See, e.g., Wong v.

4  Michaels Stores, 2016 WL 1445241 (9th Cir. Apr. 13. 2016).  More important, the undisclosed

5  claim could not have been administered by the bankruptcy trustee in the Plaintiff's Chapter 7

6  proceeding and would remain property of that Chapter 7 estate.  See 11 U.S.C. § 554(d).

7  Because the first claim appears to be property of the Plaintiff's prior Chapter 7 bankruptcy estate

8  that was never abandoned by the bankruptcy trustee, Plaintiff has no authority to pursue the

9  claim.

10         Plaintiff's second through fourth claims allege various causes of actions based on

11  defendants' alleged wrongdoing relating to Plaintiff's eviction from the Ondoro Property and the

12  alleged refusal of the Nevada state courts to provide a remedy.  The alleged wrongful eviction,

13  however, was committed after this court's entry of the Lift Stay Order.  Because the alleged

14  conduct on which claims two, three and four are based on postpetition events, the claims do not

15  arise under the Bankruptcy Code and do not arise in the bankruptcy case.  Although any

16  recovery on the claims would be property of the Plaintiff's Chapter 13 estate, see 11 U.S.C. §

17  1306(a)(1), the claims are not otherwise related to the bankruptcy case.  See Battle Ground

18  Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124 (9th Cir. 2010) (discussing "arising under"

19  jurisdiction); Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431 (9th Cir. 1995)

20  (discussing "arising in" jurisdiction); Fietz v. Great W. Savs. (In re Fietz), 852 F.2d 455 (9th Cir.

21  1988) (discussing "related to" jurisdiction).

22         The court therefore will dismiss claims one through four without prejudice for lack of

23  jurisdiction.

24         **IT IS THEREFORE ORDERED** that the Motion to Dismiss Plaintiff's Errata: First

25  Ammended [sic] Adversary Complaint, brought by defendants Security Connections, Inc., Mary

26  Lou Marcum, Joan Cook, Krystal Hall, Vicki Sorg, and Melissa Hively, Adversary Docket No.

27  32, be, and the same hereby is, **GRANTED**.

28

1  Copies sent to all parties via BNC and via CM/ECF ELECTRONIC FILING

2  Copies sent via BNC to:

3  KATHLEEN LYNNE RAY
   4631 ONDORO AVE.
4  LAS VEGAS, NV 89141

5  CLARK COUNTY
   500 S GRAND CENTRAL PKY
6  LAS VEGAS, NV 89155-2215

7  DEPUTY CONSTABLE DOE
   302 E CARSON AVE, 5TH FLR
8  LAS VEGAS, NV 89101

9  EIGHTH JUDICIAL DISTRICT COURT
   C/O CLERK 200 LEWIS AVE. 3RD FLR.
10 LAS VEGAS, NV 89101

11 RICHARD FORBUSS
   302 E CARSON AVE, 5TH FLR
12 LAS VEGAS, NV 89101

13 SHARON GRAZIANO
   302 E CARSON AVE, 5TH FLR
14 LAS VEGAS, NV 89101

15 RAYMOND JEREZA
   7785 W SAHARA AVE, #200
16 LAS VEGAS, NV 89117

17 LAS VEGAS JUSTICE COURT
   C/O CLERK
18 200 LEWIS AVE, 2ND FLR
   LAS VEGAS, NV 89101
19
   LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE
20 302 E CARSON 5TH FLR.
   LAS VEGAS, NV 89101
21
   SEAN N. PAYNE
22 7785 W. SAHARA AVE SUITE 200
   LAS VEGAS, NV 89117
23
   SONIA RODIS
24 172 WELLSPRING AVE
   LAS VEGAS, NV 89183
25
   SONIA RODIS
26 215 E. BONANZA
   LAS VEGAS, NV 89101
27

28

11

1  PAUL-COLTEN SMITH
   6920 SOUTH RAINBOW AVE
2  LAS VEGAS, NV 89118

3                                    # # #